<hr/>

## JAMES STEEN

### v.

## JOHN A. STEEN, executor, et al.

[Decided January 10th, 1905.]

Where testatrix, knowing that her son was engaged to be married to M., and that the marriage had not been celebrated, devised to her "daughter, M., wife" of her son J., all of her real estate during the lifetime of the daughter, and after her decease to the issue of the marriage, but at the death of the testatrix the marriage had not taken place, the devise was void for want of a person in being answering the description of the devisee.

<hr/>

On bill, &c.

*Mr. Linton Satterthwait,* for the complainant.

*Mr. W. Holt Apgar,* for the defendants.

BERGEN, V. C.

On April 11th, 1904, Rosanna Steen died seized of an undivided interest in certain lands situate in Mercer county, in

this state, and left surviving as her only heirs-at-law two sons, James Steen and John A. Steen. After the death of his mother John A. Steen conveyed to his brother, James, the complainant in this cause, all of his title to said real estate, "whether as heir or devisee of John C. Steen, or of Rosanna Steen, widow of John C. Steen, deceased," by virtue of which conveyance the complainant became vested with the title to said lands, subject to such disposition thereof as was made, if any, by the last will and testament of Rosanna Steen, which was produced and probated at the instance of John A. Steen, the executor named therein, subsequent to the conveyance above mentioned by him to the complainant.

The controversy arises over the construction of the second section of the last will of Rosanna Steen, which reads as follows:

"I give, devise and bequeath to my daughter, Margueritte J. Irwin Steen, wife of my son, John A. Steen, all of my estate, real, personal and mixed, during the lifetime of my said daughter, and, after her decease, to her heirs, as would by law inherit the same, being the issue of said marriage of my said son, John A. Steen; provided, that my said daughter, Margueritte J. Irwin Steen, has the power and authority of selling and disposing of my said estate at public or private sale, by and with the consent of my executor, hereinafter named, and to give good and valid deeds of conveyance for any or all of the real estate of which I may die seized."

The testimony discloses that at the time of the execution of said will John A. Steen was not married, either to the said Margueritte or to any other person, nor has he since married the said Margueritte, and the pleadings show that she has answered under the name of Margueritte J. Irwin, and makes no claim that she is the wife of John A. Steen. It further appears that at the date of the execution of the will, in 1896, John was engaged to marry one Margueritte J. Irwin, a resident of the State of Pennsylvania; that the engagement was well-known to the testatrix, and met with her approval, but it does not appear that the testatrix ever saw her intended daughter-in-law, although they had corresponded, and she had and retained in her possession a joint photograph of her son John and Miss Irwin, taken in 1893. There is no charge made or proven showing any misrepresentation to the testatrix, nor that she was ever

informed, or had any reason to believe, that her son and Miss Irwin were married, and the devise contained in her last will was evidently based upon her expectation that the marriage would soon take place, and that the condition described in the will would exist at the time of her death.

The complainant files his bill setting forth the foregoing facts, and charges that the devise of said lands is a nullity for want of an actual legatee; that the estate, on the death of his mother, vested in her heirs-at-law, and that by virtue of the conveyance made to him by his brother, John, they being the only heirs-at-law of the testatrix, the entire title to the lands is now vested in him, and prays that the said will may be construed and that it may be decreed that the said devise is void for want of a devisee, and that the estate of his mother descended to her heirs-at-law notwithstanding said will.

After a careful consideration of the question, I am satisfied that this complainant has mistaken the form of his remedy. He is neither executor, trustee, legatee or *cestui que trust,* and while the jurisdiction to construe wills assumed in this state is more liberal than that exercised in some of our neighboring states, in that we do not hold that the jurisdiction of a court of equity to pass upon the interpretation of a will is necessarily connected with its general jurisdiction over trusts, or that its proper exercise is made to depend upon the presence of a trust, expressed or implied, such jurisdiction will not be exercised when only legal rights are in controversy. The complainant in this case, being in possession of the property under color of title, can well defend his title at law, to the extent he may be entitled to maintain the same against any encroachments of the legatee under the will. The case of *Benham* v. *Hendrickson, 32 N. J. Eq. (5 Stew.) 441,* and the cases there cited, do not help this complainant, for in that case the complainants were legatees under the will, the construction of which they sought, and their remedy at law was held not to be adequate.

The complainant's real difficulty, however, is that the probate of this will, subsequent to his purchase of the property, creates a condition which necessarily casts a cloud upon his title, and as it did not appear that the legatee under the will was actively

asserting any rights to the property, the complainant would have been justified in applying to this court to have such cloud removed, and as the parties are all before the court, and the testimony submitted being ample to justify a determination of the question, I shall allow the complainant to so amend his bill of complaint as to make it a bill for the quieting of his title, and also permit the defendants to make such amendments to their answers, if any are necessary in order to raise the proper issue, rather than dismiss this bill and require the complainant to institute another suit.

The only question now remaining is, does Margueritte J. Irwin, never having married John A. Steen, take under the devise "to my daughter, Margueritte J. Irwin Steen, wife of my son, John A. Steen?" I have concluded that she does not. There was not, at the time of the making of the will, nor at the death of the testatrix, any person *in esse* answering to that name and description. It was most strenuously insisted on the argument that it was simply a misdescription of a person in being, and that all of the language used, following the words "Margueritte J. Irwin," were surplusage, and should be rejected. To this argument I cannot give my assent. I am fully persuaded that it was not the intention of this testatrix to devise this property to Margueritte J. Irwin as distinct from her *status* as the wife of John A. Steen, and the legatee, not answering that description at the time the will took effect, the gift failed. I am strengthened in my conviction regarding the intention of the testatrix by the fact that the gift over is to the issue of the marriage of John and Margueritte, and am satisfied that she never intended to give this property to a person who was not her daughter—who was not the wife of her son, John A. Steen—and who could by no possibility leave issue of her marriage with John A. Steen.

In *Bullock* v. *Zilley, 1 N. J. Eq. (Sax.) 489,* Chancellor Vroom said that if the words "his wife" were used simply as words of description to designate the legatee, she would be entitled to take; but if they were used to indicate the capacity or character in which alone she could take, then, inasmuch as she had ceased to be the wife, she would not be entitled to take. My construction of the devise under consideration is that the

words used by the testatrix were intended to describe the character or capacity in which the legatee should take, and that for want of such capacity or *status* the defendant Margueritte J. Irwin took no estate under the will, and I will advise accordingly.